Citation Nr: 1743992 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 15-12 049A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUES

1. Entitlement to an initial rating in excess of 50 percent disabling for bilateral hearing loss prior to September 3, 2014 and in excess of 70 percent thereafter. 

2. Entitlement to an effective date earlier than October 15, 2013 for the grant of service connection for bilateral hearing loss.

3. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


ATTORNEY FOR THE BOARD

P.S. McLeod, Associate Counsel



INTRODUCTION

The Veteran had active duty service from June 1945 to January 1946. 

These matters come before the Board of Veterans' Appeals (Board) from a June 2014 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, Republic of the Philippines, which granted service connection for hearing loss, effective February 6, 2013. 

In a second June 2014 rating decision, the RO changed the effective date to February 6, 2014. In an August 2016 RO rating decision the Veteran's current effective date for service-connected bilateral hearing loss was established as October 15, 2013 and the disability rating was increased from 50 to 70 percent, effective September 3, 2014. In light of these subsequent developments, the claims have been recharacterized as shown above. Furthermore, as increased awards during the pendency of an appeal do not represent total grants of benefits, the Veteran's claim for a higher disability rating remains before the Board. AB v. Brown, 6 Vet. App. 35 (1993).

Where a claimant, or the record, raises the question of unemployability due to the disability for which an increased rating is sought, then part of the increased rating claim is an implied claim for TDIU. Rice v. Shinseki, 22 Vet. App. 447 (2009). Here, the Board finds the issue of entitlement to TDIU was raised by the claimant in in his August 2014 notice of disagreement and was denied by the RO in an August 2016 rating decision ; therefore, the issue is added to the issues on appeal.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The issue of entitlement to a TDIU is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).



FINDINGS OF FACT

1. For the period prior to September 3, 2014 the Veteran's bilateral hearing loss was manifested by no more than auditory acuity level VIII in both ears.

2. Since September 3, 2014 the Veteran's bilateral hearing loss was manifested by no more than auditory acuity level IX in the right ear and no more than level X in the left ear.

3. The Veteran filed an informal claim for service connection for bilateral hearing loss on October 15, 2013.

4. The Veteran filed a formal claim for service connection for bilateral hearing loss on February 6, 2014.


CONCLUSIONS OF LAW

1. Prior to September 3, 2014, the criteria for a rating in excess of 50 percent for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.159, 4.85, 4.86, Diagnostic Code (DC) 6100 (2016).

2. Since September 3, 2014, the criteria for a rating in excess of 20 percent for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.159, 4.85, 4.86, DC 6100 (2016).

3. The criteria for an effective date earlier than October 15, 2013, for the grant of service connection for bilateral hearing loss have not been met. 38 U.S.C.A. § 5110 (West 2015); 38 C.F.R. § 3.400 (2016).



REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist

With respect to the Veteran's claims herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326; see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

II. Higher Evaluations and Rating Criteria

Ratings for service-connected disabilities are determined by comparing the veteran's symptoms with criteria listed in VA's Schedule for Rating Disabilities, which is based, as far as practically can be determined, on average impairment in earning capacity. Separate diagnostic codes identify the various disabilities. 38 C.F.R. Part 4. When rating a service-connected disability, the entire history must be borne in mind. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. The Board will consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the course of the claim on appeal. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). 

Ratings of hearing loss range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of speech discrimination tests combined with the average hearing threshold levels as measured by pure tone audiometry tests in the frequencies 1000, 2000, 3000, and 4000 cycles per second. To rate the degree of disability for service-connected hearing loss, the Rating Schedule has established eleven auditory acuity levels, designated from level I, for essentially normal acuity, through level XI, for profound deafness. 38 C.F.R. § 4.85(h), Table VI. In order to establish entitlement to a compensable rating for hearing loss, it must be shown that certain minimum levels of the combination of the percentage of speech discrimination loss and average pure tone decibel loss are met. The assignment of disability ratings for hearing impairment is derived by a mechanical application of the Rating Schedule to the numeric designations assigned after audiometric evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). 

The criteria for rating hearing impairment use controlled speech discrimination tests (Maryland CNC) together with the results of pure tone audiometry tests. These results are then charted on Table VI, or Table VIA, in exceptional cases as described in 38 C.F.R. § 4.86, and Table VII, as set out in the Rating Schedule. 38 C.F.R. § 4.85. An exceptional pattern of hearing loss occurs when the pure tone threshold at 1000, 2000, 3000, and 4000 Hertz is 55 decibels or more. 38 C.F.R. § 4.86. Here, the Veteran's hearing loss meets this standard, but the Maryland CNC was not used due to language difficulties. Therefore, the puretone threshold average in Table VIA was the only table used.

The Board notes that in addition to dictating objective test results, a VA audiologist must fully describe the functional effects caused by a hearing disability in the final report. See Martinak v. Nicholson, 21 Vet. App. 447 (2007). The VA reports of record, as a whole, reflect the Veteran's own report of the functional impact of his hearing loss. These notations indicate that the examiners did elicit information from the Veteran concerning the functional effects of his disability as required by 38 C.F.R. § 4.1, 4.2, 4.10. It has been consistently stated that the Veteran's functional loss results in having lost the ability to communicate effectively without the use of sign language or speaking at a loud volume directly next to the Veteran's ears.

A. Bilateral Hearing Loss Prior to September 3, 2014

Turning to the evidence of record, in June 2014 the Veteran underwent a VA audiometric examination. The audiologist concluded that both of the Veteran's ears had sensorineural hearing loss. Objective audiometric testing results demonstrated the following pure tone thresholds, in decibels:


500
1000
2000
3000
4000
R
70
75
80
90
95
L
65
70
75
95
105

The pure tone threshold average in the right ear was 85 in the right ear and 86 in the left ear. Speech audiometry was not tested due to a language barrier with the Veteran. Under table VIA and VII, an auditory acuity level of VIII in the both ears meets the criteria for a 50 percent rating. The examiner also described the functional impact of the Veteran's bilateral hearing loss as rendering the Veteran generally unresponsive to speech unless speaking close to the ears causing the Veteran to resort to sign language to understand the spoken words.

In this case, the Board finds that the requirements for a higher rating prior to September 3, 2014 are not met based on the demonstrated levels of hearing impairment, emphasizing that the assignment of disability ratings for hearing impairment is derived by a mechanical application of the Rating Schedule to the numeric designations assigned after audiometric evaluations are rendered. Thus, increased ratings for bilateral hearing loss must be denied.

B. Bilateral Hearing Loss since September 3, 2014

In April 2015 the Veteran underwent a private audiological examination. The private physician diagnosed the Veteran with mild to severe bilateral deafness. The physician also provided that the Veteran was unable to travel due to his impairments including his hearing loss. Objective audiometric testing results demonstrated the following pure tone thresholds, in decibels:


500
1000
2000
3000
4000
R
50
70
70
N/A
70
L
50
70
70
N/A
70

There is a second set of pure tone thresholds, in decibels, noted on this examination which demonstrated:


500
1000
2000
3000
4000
R
120
120
120
N/A
120
L
65
70
75
N/A
120

Pure tone thresholds were not tested at the 3000 Hz level. Speech audiometry results were provided and all apparently characterized as non-responsive. The private physician included remarks on the examination that the pure tone audiometry results "revealed total hearing loss, bilateral" however Maryland CNC testing was not used with any further explanation.

In June 2016 the Veteran underwent a VA audiometric examination. Objective audiometric testing results demonstrated the following pure tone thresholds, in decibels:


500
1000
2000
3000
4000
R
75
80
85
100
100+
L
100
95
105+
105+
105+

The pure tone threshold average in the right ear was 91 and 103 in the left ear. Speech audiometry, Maryland CNC testing, was not tested due to a language barrier with the Veteran. Under table VIA and VII, an auditory acuity level of IX in the right ear and X in the left ear meets the criteria for a 70 percent rating. The examiner also described the functional impact of the Veteran's bilateral hearing loss as rendering the Veteran unable to communicate at all with his caregiver needing to shout close to his ears or use sign language to communicate.

In this case, the Board finds that the requirements for a higher rating from September 3, 2014 are not met based on the demonstrated levels of hearing impairment, emphasizing that the assignment of disability ratings for hearing impairment is derived by a mechanical application of the Rating Schedule to the numeric designations assigned after audiometric evaluations are rendered.

The Board notes that the private audiometric examination appears to demonstrate hearing loss in excess of the June 2016 VA examination. However, the Board assigns less probative value to the private examination. The testing contained two puretone decibel readings showing a drastically different results, omitting testing results at the 3000 Hz level, and did not use the Maryland CNC testing method while providing no indication of why such testing was not done. Thus, given that the remaining probative evidence of record is the June 2016 VA examination results, increased ratings for bilateral hearing loss must be denied.

The Board has considered the Veteran's general contentions. He is competent to report any symptoms that would require only personal knowledge as it comes to him through his senses. Layno v. Brown, 6 Vet. App. 465 (1994). He is not, however, competent to identify a specific level of disability of his bilateral hearing loss according to the appropriate diagnostic code. See Robinson v. Shinseki, 557 F.3d 1355 (2009). Competent evidence concerning the nature and extent of the Veteran's disability has been provided by the medical examiners who examined him during the current appeal. The medical findings (as provided in the medical records) directly address the criteria under which the Veteran's disability is evaluated

III. Earlier Effective Date

Except as otherwise provided, the effective date of an evaluation and award of compensation based on an original claim or a claim reopened after final disallowance, will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400. The effective date of an award of service connection shall be the day following the date of discharge or release if application is received within one year from such date of discharge or release. Otherwise, the effective date is the date of receipt of claim, or the date entitlement arose, whichever is later. 38 U.S.C.A. § 5110; 38 C.F.R. § 3.400(b)(2)(i).

A specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid to any individual under the laws administered by VA. 38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.151(a). A "claim" is a written communication requesting a determination of entitlement or evidencing a belief in entitlement to a specific benefit. 38 C.F.R. § 3.1(p). If a formal claim is received within one year of an informal claim, it will be considered filed as of the date of receipt of the informal claim. 38 C.F.R. § 3.155. To determine when a claim was received, the Board must review all communications in the claims file that may be construed as an application or claim. See Quarles v. Derwinski, 3 Vet. App. 129, 134 (1992).

A brief procedural and medical history will help clarify the Veteran's claims. On October 15, 2013 the VA received an informal claim for service connection for bilateral hearing loss. The Veteran was notified, by letter dated October 28, 2013, that he was required to file a formal claim for service connection. VA received a formal claim for bilateral hearing loss service connection on February 6, 2014. In a June 2014 the RO issued a rating decision awarding service connection for bilateral hearing loss and assigning an effective date of February 6, 2013. In a second June 2014 decision, the RO changed the effective date to February 6, 2014. A third rating decision was issued by the RO in August 2016 which, based on clear and unmistakable error in the second June 2014 rating decision, assigned an effective date of October 15, 2013.

The current effective date of the Veteran's service-connected bilateral hearing loss is October 15, 2013, the date that the Veteran's informal claim was received by VA. As stated above when a formal claim is received within one year of an informal claim the effective date will be the date of receipt of the informal claim. In the instant case the Veteran's formal claim for service connection for bilateral hearing loss was received within four month from the date of his informal claim. Therefore the proper effective date is October 15, 2013, the date VA received the Veteran's informal claim.

Review of the record does not reveal any claims, informal or formal, for service connection for bilateral hearing loss prior to October 15, 2013. Therefore, entitlement to an effective date prior to October 15, 2013 for service-connected bilateral hearing loss is not warranted.

ORDER

Entitlement to an initial rating in excess of 50 percent disabling for bilateral hearing loss prior to September 3, 2014 and in excess of 70 percent thereafter is denied.

Entitlement to an effective date earlier than October 15, 2013 for the grant of service connection for bilateral hearing loss is denied.


REMAND

As noted above, the issue of entitlement to a TDIU has been raised by the record and is an implied part of the Veteran's claim for a higher evaluation for bilateral hearing loss. 

In the Veteran's notice of disagreement, filed September 3, 2014, the Veteran indicated that he had not been able to "afford to work with any gainful occupations for more than 30 years." At the Veteran's June 2016 VA examination the examiner opined that the functional impact of the Veteran's bilateral hearing loss precludes him from communicating "at all." The RO issued a rating decision in November 2016 denying entitlement to a TDIU because the Veteran had failed to return the requested documentation of his employment history. 

As stated above, during the period on appeal the Veteran's service-connected bilateral hearing loss was increased from 50 to 70 percent disabling effective September 3, 2014. The Veteran's only service-connected disability is bilateral hearing loss. With the increase to 70 percent disabling the Veteran has met the disability level to be considered for entitlement to a TDIU on a schedular basis. 38 C.F.R. § 4.16(a). Therefore, the TDIU claim must be remanded for further development. Development on remand should include additional attempts to obtain a detailed employment history from the Veteran.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Send the Veteran the appropriate notice and a formal TDIU application for a claim of entitlement to a TDIU rating, and afford him an opportunity to respond before taking appropriate action to develop the claim.

2. Then, conduct any additional development indicated by the results of the above remand directive (e.g., arranging for a TDIU examination), review the record, and readjudicate the claim. If any claim remains denied, issue an appropriate supplemental statement of the case and afford the Veteran an opportunity to respond before the record is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
M.E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs